## A90A2374. COOK v. THE STATE.
(403 SE2d 872)

McMurray, Presiding Judge.

Defendant was charged in Count 1 of a multi-count indictment with aggravated assault in that he did assault the victim with a pistol on May 9, 1989. In Count 6, defendant was charged with having committed the offense of a terroristic threat (threatening to murder the victim) on May 9, 1989. In Count 10, defendant was charged with having committed the offense of a terroristic threat (threatening to murder the victim) on May 19, 1989. Defendant was tried before a jury and found guilty on these counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the evidence was insufficient to authorize findings that he committed aggravated assault upon the victim as alleged in Count 1 of the indictment and that he committed the offense of a terroristic threat as alleged in Count 6 of the indictment. Defendant argues that the conflicting testimony was insufficient to authorize the jury's verdicts.

" 'On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence.' *Carson v. State*, 171 Ga. App. 527, 528 (320 SE2d 382) (1984)." *McClendon v. State*, 187 Ga. App. 666, 668 (371 SE2d 139).

In the case sub judice, defendant testified and admitted to going to the victim's home on May 9, 1989, but he denied threatening the victim with death and assaulting her with a gun. The victim testified that defendant came to her home on May 9, 1989, and threatened to kill her if she did not leave the house. The victim further testified that defendant "went to [her] bedroom [and took her] gun [and] clicked [the gun] over to where there was a bullet in the first chamber and . . . took the safety off and told [the victim] either [she gets] out or he was gonna kill [her]." The victim's 13-year-old daughter testified that she witnessed an argument between her mother and defendant on May 9, 1989; that defendant then had a gun and that defendant then threatened her mother, "I'll kill you or you can leave. . . ."

The jury was authorized to reject defendant's testimony and accept the victim's and the victim's daughter's testimony. *McClendon v. State*, 187 Ga. App. 666, 667, supra. Further, we have reviewed the transcript and find sufficient evidence to authorize the jury's findings that defendant was guilty, beyond a reasonable doubt, of the offense of aggravated assault as alleged in Count 1 of the indictment and of the offense of a terroristic threat as alleged in Count 6 of the indict-

ment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860).

2. Defendant contends that there was insufficient evidence to authorize a finding that he was guilty of the offense of a terroristic threat as alleged in Count 10 of the indictment.

The victim testified that she appeared at defendant's bond hearing on May 19, 1989; that defendant gave her "looks . . . that scare you to death" while the testimony was being given and that when defendant passed her after testifying he said, "I'm gonna get you." Defendant argues that this evidence is insufficient to authorize a finding that he threatened the victim's life as alleged in Count 10 of the indictment. We do not agree.

While the words, "I'm gonna get you," may not specifically threaten death, the circumstances surrounding the utterance of defendant's threatening words to the victim were sufficient to authorize the jury's finding that defendant threatened the victim's life on May 19, 1989. Defendant had threatened defendant's life before the May 19, 1989, bond hearing and he had assaulted her with a pistol before the bond hearing. This evidence and evidence that two other witnesses heard defendant's threatening utterance to the victim at the bond hearing was sufficient to sustain the jury's finding that defendant is guilty, beyond a reasonable doubt, of the offense of a terroristic threat as alleged in Count 10 of the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra. See *Boone v. State*, 155 Ga. App. 937 (1) (274 SE2d 49).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED MARCH 7, 1991.

*Robert L. Ferguson*, for appellant.
*Robert E. Keller, District Attorney, Lisa A. Curia, Assistant District Attorney*, for appellee.