A94A1298. JORDAN v. THE STATE.
(447 SE2d 341)

McMURRAY, Presiding Judge.

Defendant Jordan appeals his conviction of the offense of a terroristic threat. *Held*:

Defendant contends that the evidence at trial was not sufficient to authorize his conviction. The evidence shows that on November 20, 1992, two police officers were patrolling particular drug areas throughout the City of Macon. When these officers arrived at Grier Street, they approached a group of approximately ten persons gathered in the area of a duplex rented by two females about whom the officers had received information that they were involved in drug activities. The officers asked for identification and looked around for any contraband. Officer Cotton approached several individuals introducing himself, his hand extended offering to shake hands. When Officer Cotton approached defendant, he withdrew his hand and proceeded to pat down several individuals including defendant, who became verbally hostile towards Officer Cotton. Evidence was introduced as to prior incidents between Officer Cotton and defendant which clearly established a pattern of animosity and hostility between the two indi-

viduals. The encounter at issue was entirely acrimonious with much cursing and many sexual references involving Officer Cotton's girl friend. The crux of the offense of which defendant was convicted occurred, as related by Officer Cotton, when "[defendant] stated to me, he said I'd better get a bulletproof vest for my head, because we got your 308's, your 9 millimeters, and your UZI's. We got it all. Unquote. He stated to me that I need — excuse me. He stated that we got your infrared, we got it all."

" 'A person commits the offense of a terroristic threat when he threatens to commit any crime of violence. OCGA § 16-11-37 ((a)).' *Carver v. State*, 258 Ga. 385, 386 (1) (369 SE2d 471) (1988). ' "When the communication of a threat is done to terrorize another, the crime of terroristic threats is complete(.)" . . . (Cit.)' *Wilson v. State*, 151 Ga. App. 501, 503 (6) (260 SE2d 527) (1979). 'Direct evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a jury to find the threats were made for such a purpose. (Cit.)' *Boone v. State*, 155 Ga. App. 937, 939 (2) (274 SE2d 49) (1980)." *Hammock v. State*, 210 Ga. App. 513, 515 (3) (436 SE2d 571). From the evidence presented at trial, a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense of committing a terroristic threat upon Officer Cotton. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hammock v. State*, 210 Ga. App. 513, 515 (3), supra.

The trial court did not err in admitting similar transaction evidence concerning an earlier incident in which defendant became verbally abusive after being approached by a hospital police officer investigating a possible traffic offense and eventually threatened to kill that officer. The similar transaction evidence was admitted after compliance with the procedure directed by *Williams v. State*, 261 Ga. 640, 641 (2b), 642 (409 SE2d 649) and the prior incident was not dissimilar because the circumstances that precipitated the hospital police officer approaching defendant were different than those acted upon by the two police officers in the case sub judice.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 1, 1994.

*L. Elizabeth Lane*, for appellant.

*Charles H. Weston*, District Attorney, *Kimberly S. Shumate*, Assistant District Attorney, for appellee.