## A96A1006. WILBURN v. THE STATE.
### (477 SE2d 909)

RUFFIN, Judge.

A jury found Jackie Wilburn guilty but mentally ill of three counts of making a terroristic threat and one count of stalking. The court sentenced Wilburn to serve five years for each conviction of making a terroristic threat and twelve months to serve concurrently on his conviction for stalking. On appeal Wilburn challenges the sufficiency of the evidence and his sentence. We affirm.

Viewed in a light most favorable to the verdict, the evidence at trial showed that Wilburn believed he had a possible adverse possession claim against Richmond and Rebecca Aggreys' residence. Wilburn also believed that Rebecca Aggrey stole some lyrics he had written. In connection with these beliefs, Wilburn sent several letters to the Aggreys and made several harassing and "threatening" phone calls to them. Richmond Aggrey testified that in one letter Wilburn stated that he intended to "get a gun or something like that. . . ." Richmond Aggrey further stated that in one telephone call Wilburn told him that he, Aggrey, was living in Wilburn's house and that Aggrey was "not going to be [there] for long . . . and if [the Aggreys] don't leave, he's going to get us." Rebecca Aggrey similarly testified that during another phone call, Wilburn stated "I'm going to get you and you're not going to get away with this. . . ." Rebecca Aggrey stated that Wilburn's threats made her think that he was going to do her and her husband bodily harm and that her life was in danger. Wilburn also changed his name to Richmond Aggrey, obtained a driver's license in the name of Richmond Aggrey, applied for a social security number under Richmond Aggrey's name, and attempted to obtain a credit card in the name of Richmond Aggrey. Police eventually arrested Wilburn for stalking the Aggreys.

Detective Westin and Deputy Stamper transported Wilburn to jail. Westin testified that during the trip Wilburn told him "he was going to kill me and that I'd never make it to trial." According to Westin, Wilburn also stated that he was going to kill Richmond and Rebecca Aggrey. Deputy Stamper testified that he heard Wilburn tell

Detective Westin that he was going to kill him and that he would never make it to court. Deputy Stamper further testified that when Wilburn threatened Detective Westin "[i]t made the hair on my neck stand up. I took the man very serious." Wilburn acknowledged at trial that he told Detective Westin "I'll kill you," because he made him mad.

1. Wilburn asserts that there was insufficient evidence to find him guilty of making terroristic threats because the victims' testimony concerning the threats was uncorroborated and because there was no evidence that Wilburn intended to terrorize the victims. We disagree.

" 'As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value.' " (Citations omitted.) *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993).

The victims' testimony in this case was sufficiently corroborated. Rebecca Aggrey's testimony was corroborated by the testimony of her husband and Detective Westin. Richmond Aggrey's testimony was corroborated by the testimony of his wife and Detective Westin. Detective Westin's testimony was corroborated by Deputy Stamper's testimony.

Furthermore, "[d]irect evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a jury to find the threats were made for such a purpose." (Citations and punctuation omitted.) *Jordan v. State*, 214 Ga. App. 346, 347 (447 SE2d 341) (1994).

Under the circumstances of this case, we conclude that there was sufficient evidence for a rational trier of fact to find Wilburn guilty beyond a reasonable doubt of making terroristic threats against the three victims. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stone*, supra; *Jordan*, supra.

2. Wilburn asserts that the sentences imposed were disproportionate to the offenses charged and constituted cruel and unusual punishment.

OCGA § 16-11-37 (c) provides that "[a] person convicted of the offense of a terroristic threat or act shall be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both." Under OCGA § 16-5-90 (b), stalking is a misdemeanor offense which is punishable by confinement up to 12 months. OCGA § 17-10-3 (a). "This court is not empowered to modify

a sentence which is within the statutory limits for the offense. Any question as to the excessiveness of the sentences, which in this case were within the legal limits, should be addressed to the appropriate sentence review panel." (Citations and punctuation omitted.) *Morgan v. State*, 197 Ga. App. 397 (398 SE2d 866) (1990). Accordingly, we find no error.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1996.

*Richard S. Lord*, for appellant.
*William T. McBroom III, District Attorney*, for appellee.