## A97A0077. BAKER v. THE STATE.
### (485 SE2d 548)

BEASLEY, Judge.

Baker appeals his conviction and the denial of his motion for new trial, on the charges of terroristic threats and acts, OCGA § 16-11-37, and theft by taking, OCGA § 16-8-2.

1. Baker's first enumeration of error challenges the sufficiency of the evidence as to terroristic threats. The evidence is viewed in the light most favorable to the verdict. *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976).

Baker and Donna McIntire had been separated for several months when McIntire, a convenience store manager, returned home from work, parked her car beside her mobile home and went inside. She left $200 in cash belonging to the convenience store in a zippered bank bag hidden in a brown paper sack on the back seat of her locked car.

She heard a truck outside that she recognized as Baker's because of its muffler noise. Baker began beating on her front door and threatened to kill her. She padlocked the door and ran to the bedroom to call 911. Baker began to beat on the door with the butt of a handgun and yelled, "Bitch, if I get in there, I'll kill you." He broke the back door window and entered. McIntyre threw down the telephone, jumped out the bedroom window and ran to a neighbor's home.

Baker left the home through the front door, unlocked McIntire's car with a key he still had, and took the paper sack and bank bag filled with cash.

Responding to the 911 call, Deputy Hunnicutt arrived and found Baker with blood on his hands standing between his pickup truck and McIntire's car. He also found a handgun wrapped in a bloody plastic trash bag in the home and bullets lying on the floor. The gun cylinder was damaged by a bullet jammed in the chamber. The blood-

stained paper sack and bank bag with the cash were on the front seat of Baker's truck.

Baker was charged with and tried on a number of offenses but was convicted only of terroristic threats and theft by taking.

"A person commits the offense of a terroristic threat when he threatens to commit any crime of violence. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). Baker argues the State failed to meet the corroboration requirement since the only direct evidence of a threat was McIntire's testimony. But, " '[a]s in rape cases, the quantum of corroboration need not in itself be sufficient to convict[. It] need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. [Cit.] Slight circumstances may be sufficient . . . and the question of corroboration is one solely for the jury. . . .' [Cit.]" *Boone v. State*, 155 Ga. App. 937, 939 (1) (274 SE2d 49) (1980). See also *Martin v. State*, 219 Ga. App. 277, 283 (10) (464 SE2d 872) (1995); *Ellis v. State*, 176 Ga. App. 384, 386 (3) (336 SE2d 281) (1985).

McIntire's neighbor testified that while he was sitting on his front porch, he saw a Toyota pickup truck come up the road and park in McIntire's driveway. Driver Baker "went to the front door in a rage, was screaming and hollering, beating on the front door," making a noise "like metal against metal." The neighbor heard Baker say, "Bitch, if I get in there, I'll kill you." He saw that when Baker could not get into the front door, he went to the back. He saw McIntire jump out the bedroom window and run and Baker take the bag of money from McIntire's car and place it in his truck.

This account is completely consistent with McIntire's testimony and with evidence gathered at the crime scene. Her testimony was sufficiently corroborated to satisfy OCGA § 16-11-37 (a). Likewise, the standard of *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979), was met by ample evidence from which a rational trier of fact could determine Baker's guilt beyond a reasonable doubt of terroristic threats. See *Sampson v. State*, 209 Ga. App. 213, 214-215 (1) (433 SE2d 136) (1993).

2. Baker challenges the court's denial of his motion in limine to exclude testimony relating to the theft of a handgun Baker used in committing the offenses charged. He sought exclusion of the Trueloves' testimony that they suspected him of burglarizing their home and removing the firearm. He argued that the source of the firearm was irrelevant to prove possession by a convicted felon or in the commission of a crime, OCGA §§ 16-11-106 and 16-11-131, which were charges for which he ultimately was not convicted. He also argued that the testimony would constitute evidence of a similar

transaction of which he had no notice as required by Uniform Superior Court Rule 31.3.

The State responded that the handgun found damaged at the scene bore a serial number matching that of a gun the Trueloves reported stolen. They would testify that Baker had borrowed it earlier, returned it, and saw one of them replace it in their gun cabinet. Two months later, they returned from a three-day trip and realized the weapon was missing, although they found no sign of forced entry. The State contended the testimony was relevant to link Baker with this particular handgun. In denying the motion, the court carefully instructed the prosecutor not to elicit testimony relating to a missing firearms report. Mr. Truelove testified accordingly.

Baker contends that even without an overt accusation that Baker took the weapon, it is the only inference that could be drawn and the testimony was irrelevant to the issue whether he in fact possessed a firearm on the day in question.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. Baker was charged with two firearm possession offenses. He argues that because neither statute requires proof of how the accused obtained the weapon, the only possible purpose was to put his character in evidence in violation of OCGA § 24-2-2. Although he was not convicted of either weapon charge the issue remains whether his character was impermissibly introduced.

"Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *Dudley v. State*, 204 Ga. App. 327 (2) (419 SE2d 138) (1992). The evidence was probative of whether Baker was in possession of a particular handgun, the purpose for which it was offered. The court's refusal to allow any testimony characterizing Baker's conduct as criminal in his obtaining possession of the gun limited the testimony so as to inject his character only minimally. See *Smith v. State*, 181 Ga. App. 136, 137 (1) (351 SE2d 530) (1986). The motion was properly denied.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 1, 1997.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.