## A97A2521. SHEPHERD v. THE STATE.
(496 SE2d 530)

McMURRAY, Presiding Judge.

Defendant Shepherd appeals his conviction of a terroristic threat. The sole enumeration of error questions whether the evidence presented at trial is sufficient to authorize the conviction. *Held*:

"A person commits the offense of a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). The indictment alleges that defendant did threaten to commit simple battery and battery against the person of Joseph Dover with the purpose of terrorizing Tammy Lynn Harris.

The State's evidence shows that Harris was driving in her vehicle when she came upon defendant in a parking lot. Both stopped their vehicles side-by-side and spoke briefly to one another while they remained in their respective vehicles. During this conversation defendant told Harris to tell Dover that "he was going to kick the [SOB's] ass because he was whooping [sic] his kids." Harris was accompanied by her sister, Melissa Harris, who satisfied the corroboration requirement when she testified that defendant stated "he was going to stomp Joe's butt when he saw him."

It was also shown that Harris was the mother of two children fathered by defendant, that she and defendant had known each other eleven years, and that their relationship had ended eight years previously. More recently, Harris had lived with Dover for four and one-half years, and at the time of the incident in question they were separated but still socializing.

Contrary to defendant's assertion, the testimony of Harris and her sister was sufficient to authorize a conviction of a terroristic threat. Their testimony clearly established by direct evidence the threat of a crime of violence against Dover.

The element of defendant's intent in making the threat (to terrorize Harris) did not require proof by direct evidence in that the circumstances surrounding the threat, including the history of an intimate relationship and defendant's express concern for his children being subjected to corporal punishment by their mother's partner in a subsequent intimate relationship, were sufficient for the jury to find that the threat was made for such a purpose. See *Jordan v. State*, 214 Ga. App. 346, 347 (447 SE2d 341). In this connection, the jury was also authorized to consider Harris' testimony that she took the threat against Dover seriously and consequently proceeded immediately to find him and tell him about the threat.

The threat of physical violence directed against an absent third party is clearly within the conduct prohibited by the criminal statute, thus this factual circumstance of the case sub judice provides no basis for overturning defendant's conviction. A rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense of committing a terroristic threat. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jordan v. State*, 214 Ga. App. 346, 347, supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED FEBRUARY 3, 1998.

*Levinson & Paul, Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Pamela D. Brophy, Assistant District Attorney*, for appellee.