## A99A1479. CARTER v. THE STATE.
### (521 SE2d 590)

RUFFIN, Judge.

A jury found Jon Paul Carter guilty of making terroristic threats and simple assault. On appeal, Carter contends that the trial court erred in admitting certain evidence. In addition, Carter challenges the sufficiency of the evidence. For reasons that follow, we affirm.

The evidence shows that Carter had been married to Laura Culpepper, but the two divorced in July 1996. After the divorce, Culpepper began dating Vernon Chambless. On January 7, 1998, Chambless was driving to lunch when he noticed that he was being followed by a man driving a pickup truck. The truck followed Chambless into a parking lot, and Carter exited the truck and approached Chambless' car. Chambless locked his car doors, but opened his car window.

Carter told Chambless, "I don't like you oohing and aahing on the couch with my ex-wife in front of my son."[1] Carter told Chambless that he had "better take this serious because . . . I'll blow your head off." Chambless testified that Carter's threat scared him. On either February 3 or 4, 1998, Carter called Chambless at work and, once again, threatened to blow his head off.

On February 6, 1998, Carter saw Culpepper and accused her of behaving inappropriately with Chambless in front of her son. Carter told Culpepper that she "was going to be the reason that he killed [Chambless]." Shortly thereafter, Chambless took out a warrant against Carter.

1. At trial, the State introduced a letter that Carter sent to Chambless in which Carter wrote "if I threatened to kill you, I would have killed you on that day. See you soon." In his first enumeration of error, Carter contends the trial court erred in admitting this "confession" without first conducting a *Jackson-Denno* hearing. This contention lacks merit.

As an initial matter, the letter does not constitute a confession as Carter did not confess to any crime. Indeed, in the letter, Carter *denied* committing the crime charged. Moreover, even if the letter did constitute a confession, the trial court did not err in admitting it without conducting a hearing.

In order for a confession to be admissible, "it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. A *Jackson-Denno* hearing provides a mechanism for a defendant to challenge the voluntariness of a confession. See *Craver v. State,* 246 Ga. 467, 468 (1) (271 SE2d 862) (1980). However, "a requirement for a hearing on the issue of voluntariness applies only if the evidence presents a fair question as to its voluntariness. No such question is presented in this case." Id. Carter testified at trial and admitted to writing the letter to Chambless. There is not one scintilla of evidence suggesting that Carter was induced or coerced into writing the letter. Accordingly, voluntariness is not an issue, and no *Jackson-Denno* hearing was required.

2. Carter contends the trial court erred in admitting evidence of a similar transaction without conducting a hearing in accordance with Uniform Superior Court Rule (USCR) 31.3 (B). This rule requires that: (1) the State provide notice of its intent to introduce similar transactions evidence; and (2) the trial court conduct a hearing on the admissibility of such evidence.

---

[1] Carter alleged that his ex-wife and Chambless had engaged in sexual intercourse in front of Carter's young son. Both Culpepper and Chambless denied the allegations.

Specifically, Carter complains that the trial court erred in admitting evidence of a "post-incident terroristic threat" made to Culpepper. Culpepper testified that Carter, who appeared enraged, told her that she would be the reason that he killed Chambless. According to Culpepper, she was scared both for herself and for Chambless. Contrary to Carter's contention, this evidence does not constitute a similar transaction as Carter did not threaten Culpepper. Although Carter essentially reiterated his prior threat to Chambless, this is not evidence of a separate transaction, but is corroborating evidence of Carter's prior terroristic threat to Chambless. See *Baker v. State*, 225 Ga. App. 848, 849 (1) (485 SE2d 548) (1997) (crime of terroristic threat requires corroboration of the victim's testimony). USCR 31.3 (E) makes clear that nothing in USCR 31.3 "is intended to prohibit the state from introducing evidence of . . . occurrences which . . . are immediately related in time and place to the charge being tried, as part of a single, continuous transaction." As the testimony at issue was related to the charge being tried, the trial court did not err in admitting the evidence without conducting a hearing pursuant to USCR 31.3.

3. In his third enumeration of error, Carter argues that the trial court erred in admitting a statement taken by an agent for the Georgia Bureau of Investigation (GBI) in violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). While being questioned by the GBI agent on another matter, Carter admitted that he had confronted Chambless and stated that he had not killed Chambless because he, Carter, was a Christian. At trial, Carter did not object to the admission of his statement on the basis that it was taken in violation of *Miranda*. Thus, he has failed to preserve the issue for appellate review. *Carter v. State*, 235 Ga. App. 260, 261 (2) (510 SE2d 539) (1998).

4. In his final enumeration of error, Carter challenges the sufficiency of the evidence on the terroristic threat conviction. Pursuant to OCGA § 16-11-37 (a), "[a] person commits the offense of a terroristic threat when he threatens to commit any crime of violence. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." Carter maintains that the evidence was insufficient to sustain his conviction because the corroborating evidence — his letter to Chambless, his statement to Culpepper and his statement to the GBI agent — was inadmissible. Carter contends that the absence of corroborating evidence requires reversal. For reasons stated in Divisions 1, 2 and 3, however, the corroborating evidence was admissible. In order to sustain a conviction, the corroborating evidence does not need to be sufficient to convict. *Baker*, supra. "It need only be that amount of independent evidence which tends to prove that the incident

occurred as alleged. Slight circumstances may be sufficient and the question of corroboration is one solely for the jury." (Citations and punctuation omitted.) Id. Here, there was sufficient evidence for a rational trier of fact to find Carter guilty beyond a reasonable doubt of making a terroristic threat. See *Wilburn v. State*, 223 Ga. App. 476, 477 (1) (477 SE2d 909) (1996).

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 9, 1999.

*Edward F. Smith*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.