A03A0066. DENSON v. THE STATE.
(577 SE2d 29)

JOHNSON, Presiding Judge.

Randy Denson was convicted of two counts of terroristic threats and three counts of arson. He appeals, challenging the sufficiency of the evidence supporting the convictions and the effectiveness of his trial counsel. The challenges are without merit, and we therefore affirm the convictions.

Viewed in the light most favorable to the verdict, the evidence shows that in 1998 Denson took a commercial truck driving course at Valdosta Technical Institute. Eddie Garner and Mike White were two of his instructors, and they, along with other instructors, determined

---

that Denson had failed the ten-week course. Denson retook the driving course in 1999 and once again failed.

In July 1999, a vice president from Valdosta Technical received information that raised concerns about the safety of instructors at the school. As a result, the vice president sent a letter to Denson informing him that he would not be allowed on the school's property until such time as the school was assured that he was not a danger to staff. Several months later, Denson was given permission to come back to Valdosta Technical to participate in programs other than the truck driving program.

In January 2000, Denson had a job driving a tractor-trailer, and he drove his rig to the school to take an admissions test for another program. A school director told Denson where he could park the rig on the campus and ordered him to stay away from the truck driving program. Nonetheless, Denson parked the rig on the commercial truck driving range. When he returned to the truck, he drove it around the school's driving track and then left the area at a high rate of speed.

After the incident, the school director sent Denson a letter informing him that he was prohibited from driving any vehicle larger than a car or a pickup truck onto the Valdosta Technical campus, and that he must not park near the truck driving range. Instructor White also reported the incident to Denson's employer, and Denson was later fired from his job.

On October 25, 2000, Valdosta Technical driving instructor Jerry Kennedy was in a truck with two students. They were stopped at an intersection in Lowndes County when Denson pulled up beside them in a car. Denson began hollering at them, and Kennedy heard him yell something about killing an instructor because it had cost him his job.

Kennedy rolled down his window and asked Denson what he had said. Denson told Kennedy to tell Garner and the other driving instructor that in about two weeks they had a present coming because they had cost him his job. Kennedy asked what kind of present. Denson grinned and told him to just tell the other two instructors to check their mailbox. He then sped away.

One of the students riding in the truck could not see Denson, but heard a man who was in a vehicle stopped beside the truck speaking to Kennedy. The student testified that he heard the man tell Kennedy to tell Eddie and Mike that he had a bomb for them. The man also said that they should check their mailbox because they had cost him his job.

A week and a half later, on November 4, 2000, three trucks parked beside each other on the Valdosta Technical campus were burned. An arson investigator determined that the fire was not acci-

dental, but was started using an accelerant, such as gasoline, in one of the trucks. Radiant heat from the fire then spread to, and severely damaged, the other two trucks.

A detective investigating the fire went to a gas station located near Valdosta Technical, and he discovered a security videotape showing that Denson had been at that station shortly before the fire. Another detective went to pick up Denson to interview him about the fire. When Denson saw the detective, he fled on foot, but was eventually apprehended. Denson was taken to the sheriff's department, where he waived his *Miranda* rights and spoke to detectives. When one of the agents asked Denson why he had burned the trucks, Denson replied, "Why not. Eddie burned me."

Denson was indicted for two counts of terroristic threats against Garner and White, and three counts of arson for the three damaged trucks. He was tried before a jury, which found him guilty on all counts.

1. Denson argues that his terroristic threats convictions must be reversed because there is no evidence corroborating the threats that he communicated to driving instructor Kennedy. It is true that a person may not be convicted of terroristic threats based solely on the uncorroborated testimony of the party to whom the threat is communicated.[1] But slight circumstances may provide sufficient corroborating evidence.

> [T]he quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value.[2]

In the instant case, not only was there testimony from Kennedy, the party to whom the threats were communicated, but there was also testimony from a student who was present when the threats were made. Although the student could not actually see Denson, his testimony that he heard a man tell Kennedy to tell Eddie and Mike to check their mailbox for bombs because they had cost him his job

---

[1] OCGA § 16-11-37 (a).

[2] (Citation and punctuation omitted.) *Wilburn v. State*, 223 Ga. App. 476, 477 (1) (477 SE2d 909) (1996).

was sufficient evidence corroborating Kennedy's testimony about how the incident occurred.[3]

2. Contrary to Denson's claim, there is sufficient circumstantial evidence identifying him as the arsonist who burned the Valdosta Technical trucks. That evidence includes the threats he made against Valdosta Technical instructors Garner and White; his presence near the crime scene shortly before the arson occurred; his flight from the detective who came to pick him up after the arson; and his response about having been burned by Eddie when the agent asked him why he had burned the trucks.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[4] Whether or not circumstances are sufficient to exclude every reasonable hypothesis other than the guilt of the accused is primarily a question for the jury.[5] This court can disturb the jury's verdict only if the evidence is insupportable as a matter of law.[6] Here, the circumstantial evidence was not insupportable as a matter of law and authorized the jury to find Denson guilty beyond a reasonable doubt of arson.

3. Denson complains that his trial counsel was ineffective in failing to object to improper character evidence introduced by the state. The evidence that Denson complains of, however, was not inadmissible character evidence, but was proper evidence of prior difficulties between Denson and Valdosta Technical instructors, such as Denson losing his temper when he was a student in the driving program, Denson's improper parking near the school's driving program, and his having been banned from the campus out of concern for the safety of instructors. Evidence of prior difficulties between the accused and the victim is admissible to show the defendant's motive, intent, or bent of mind.[7] Because the evidence Denson complains of was admissible prior difficulties evidence, he has failed to show that his trial counsel was ineffective in failing to object to it.[8]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2003.

*Closson, Bass & Tomberlin, J. Michael Bass*, for appellant.

[3] See *Shepherd v. State*, 230 Ga. App. 426 (496 SE2d 530) (1998); *Wilburn*, supra.
[4] OCGA § 24-4-6.
[5] *Miners v. State*, 250 Ga. App. 443, 444-445 (1) (550 SE2d 725) (2001).
[6] Id.
[7] *Givens v. State*, 273 Ga. 818, 823 (4) (546 SE2d 509) (2001).
[8] See *Thompson v. State*, 203 Ga. App. 339-340 (2) (416 SE2d 755) (1992).

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney,* for appellee.