A05A1465. MENDOZA v. THE STATE.
(618 SE2d 712)

BARNES, Judge.

Licho Zurito Mendoza appeals his conviction for attempted trafficking in cocaine, trafficking in cocaine, terroristic threats, and misdemeanor obstruction of an officer. Mendoza contends that: (1) the trial judge erred in denying his motion for a directed verdict of acquittal on the charge of terroristic threats, (2) the trial judge erred in the instruction of the jury, and (3) he received ineffective counsel. For the reasons outlined below, we affirm.

" 'On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. (Cit.)' [Cit.]" *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that on September 18, 2002, a Cherokee County Narcotics Unit officer and an informant traveled to a residence to meet with Mendoza to purchase cocaine. Mendoza met with the officer and his informant but could not make the transaction that day and arranged to make the cocaine buy the next day.

The next day, after the officer had unsuccessfully attempted to meet the appellant, Mendoza called the officer and told him to come over to make the cocaine transaction. The officer had planned to purchase the drugs and serve a search warrant, but the supplier never arrived. While waiting for the supplier, Mendoza told the officer that he did not trust the officer's informant and did not want to do

business with the informant around. Mendoza then stated that if he went to jail he would kill the informant, or would have the officer kill him. The officer was wearing a recording device that captured this conversation.

Because the supplier never arrived, the officer left the residence but Mendoza contacted him later that evening and instructed the officer to meet at a nearby Auto Zone to complete the transaction. The officer arranged with other narcotics officers to arrest Mendoza at the Auto Zone, and the defendant was taken into custody as he walked into the parking lot. During the arrest, Mendoza told the officer, in Spanish, that "I'll be out," which the officer took as a threat of future harm. Not long after Mendoza's arrest, a black Cadillac arrived at the scene and narcotics agents stopped the vehicle, as they had information that the drug supplier drove a black Cadillac. A search of the car revealed cocaine hidden under the driver's seat. The supplier testified that Mendoza asked him to come to the Auto Zone so Mendoza could obtain some cocaine for his personal use.

1. The appellant contends that the trial judge erred in denying his motion for a directed verdict of acquittal on the charge of terroristic threats. We disagree.

> Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or "not guilty" as to the entire offense or to some particular count or offense, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence and may allow the trial to proceed only as to the counts or offenses remaining, if any.

OCGA § 17-9-1 (a). The trial court determined that, due to the implicit nature of the threats against the undercover officer, a reasonable inference of guilt could be found from the evidence and that the question of the threats should be left to the jury. We find no fault with the trial court's decision.

As to the issue of corroboration and the threat itself, "[a] person commits the offense of a terroristic threat when he threatens to commit any crime of violence. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). It is also well established that in terroristic threat cases "the quantum of corroboration need not in itself be sufficient to convict. It need only be that amount of independent evidence which tends to prove that the incident occurred as alleged." (Citations and punctuation omitted.) *Baker v. State*, 225 Ga. App. 848, 849 (1) (485 SE2d 548) (1997). In

both threats, to the undercover officer and to the informant, corroborating evidence exists that proves the incident occurred as alleged. Further, "the question of corroboration is one solely for the jury." (Citations and punctuation omitted.) Id. The record indicates that the trial court did not abuse its discretion in allowing the jury to weigh the issue of corroboration and make a conclusion based on the evidence presented.

2. The appellant argues that the trial court erred in its instruction to the jury that it would be authorized to convict if it found him guilty "behind" a reasonable doubt. We disagree. "[A]n erroneous charge does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the jury instructions must be considered." *Foote v. State*, 265 Ga. 58, 59 (2) (455 SE2d 579) (1995). In looking at the entirety of the jury instructions, it is clear that no harm was committed, as the trial transcript reflects that the judge used the correct phrase, "beyond a reasonable doubt," several times, both before and after the erroneous charge. Furthermore, "[t]he general rule is that '[a] mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury' is not reversible error. [Cit.]" *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981). In light of the totality of the jury instructions, this slip of the tongue does not warrant reversal.

3. The appellant contends that the trial court erred in finding that his counsel was not ineffective for choosing not to ask the trial court for a lesser included offense charge. We do not agree. In cases such as this, the burden is on the defendant claiming ineffectiveness of counsel to establish that his attorney's representation in specified instances fell below an objective standard of reasonableness, and that "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (104 SC 2052, 80 LE2d 674) (1984). The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Citation and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322-323 (565 SE2d 551) (2002). Additionally, "a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous and the defendant must overcome the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct." *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996). The transcript from Mendoza's motion for a new trial shows that trial counsel made Mendoza aware of his trial strategy, which led him to decide to not ask for the lesser included offense charge, and was diligent in conferring with his client

throughout the trial. There are no indications whatsoever that the outcome of the trial would have been different but for counsel's alleged ineffective acts, and thus the trial court's decision to deny Mendoza a new trial on the claim of ineffective counsel was not clearly erroneous.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*Peter R. Hill,* for appellant.
*Garry T. Moss, District Attorney, T. Jess Bowers III, Wallace W. Rogers, Jr., Assistant District Attorneys,* for appellee.