## A93A1327. STONE v. THE STATE.
### (435 SE2d 527)

ANDREWS, Judge.

Stone was convicted of one count of terroristic threats and two counts of obstruction of a law enforcement officer. In his sole enumeration of error, Stone contends that the trial court erred in denying his motion for a directed verdict of acquittal since the State presented no evidence of corroboration of the threat as required under OCGA § 16-11-37 (a).

At trial, Officer Seckinger testified that on September 4, 1991, just after midnight, he responded to a report of a domestic problem

at a trailer park. When Seckinger arrived at the designated address, he found a woman, Mrs. Stone, sobbing, in front of the residence and clothes strewn in the yard. Upon Seckinger's arrival, appellant Stone came out of the trailer and demanded that Seckinger leave. Seckinger testified that Stone was loud and abusive and yelled some obscenities.

Seckinger, who was joined by Officer Crawford, attempted several times to calm Stone and when these efforts failed decided to arrest Stone for disorderly conduct. Seckinger attempted to arrest Stone and a struggle ensued, during which Seckinger was bruised. Crawford and Seckinger were unable to restrain Stone and Seckinger called for a backup unit. Officer Tuft responded to the call and upon Tuft's arrival, Stone ceased struggling. Stone was placed in Crawford's vehicle and taken to jail. Officer Tuft testified and corroborated the testimony regarding Stone's behavior before he entered the police vehicle.

Officer Crawford also testified. He confirmed Seckinger's description of Stone angrily yelling and cursing. Crawford stated that during the struggle his uniform shirt pocket was torn off and his watch and wedding ring were lost. Crawford testified that by himself he drove Stone to jail. During that trip, Stone told Crawford several times that he would kill Crawford when he got off duty. Those threats formed the basis of the conviction at issue here.

Stone claims that his conviction for terroristic threats must be reversed since Crawford's testimony regarding those threats was uncorroborated. We disagree.

OCGA § 16-11-37 (a) provides that no person shall be convicted of committing the offense of a terroristic threat on the uncorroborated testimony of the party to whom the threat is communicated. "As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value." (Citations and punctuation omitted.) *Boone v. State*, 155 Ga. App. 937, 939 (1) (274 SE2d 49) (1980); *Moss v. State*, 148 Ga. App. 459 (1) (251 SE2d 374) (1978); see also *Mitchell v. State*, 187 Ga. App. 40 (1) (369 SE2d 487) (1988); compare *Hanvey v. State*, 186 Ga. App. 690 (1) (368 SE2d 357) (1988).

There was testimony that Stone was angry and violent and had behaved in a hostile manner to the officers. Further, there was testimony that Stone was verbally abusive to the officers. Contrary to Stone's arguments, there was corroborating evidence, despite the fact that the particular threat was not overheard, and the denial of Stone's motion was proper. See *Ellis v. State*, 176 Ga. App. 384 (3) (336 SE2d 281) (1985).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 8, 1993.

Evelyn P. Luton, for appellant.
Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, for appellee.