600 S.E.2d 407 (2004)
267 Ga.App. 456
In the Interest of C.L.B., a child.
In the Interest of B.L.T., a child.
In the Interest of N.D., a child.
Nos. A04A1144, A04A1145, A04A1146.
Court of Appeals of Georgia.
May 17, 2004.
*408 Faye E. Hays, Jonesboro, for appellant (case no. A04A1144).
Gerald P. Privin, McDonough, for appellant (case no. A04A1145).
William D. Patten, Jr., Stockbridge, for appellant (case no. A04A1146).
Tommy Floyd, District Attorney, Thomas Williams, Assistant District Attorney, Mary Evans-Battle, Assistant District Attorney, for Appellee.
BLACKBURN, Presiding Judge.
Following a bench trial for the armed robbery and aggravated assault of a pizza delivery man, C.L.B., B.T., and N.D. appeal their adjudication of delinquency in these related cases, contending in several differing enumerations that the evidence was insufficient to support the verdict against them. For the reasons set forth below, we affirm.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.
(Punctuation omitted.) In the Interest of J.M.;[1]Jackson v. Virginia.[2] Furthermore, in a bench trial such as this, the trial court is the finder of fact and the sole arbiter of the credibility of each witness. In the Interest of G.J.[3]
Viewing the evidence in the light most favorable to the verdict, the record shows that, on the night of November 8, 2003, Mackell Ware, Clanthia Johnson, C.L.B., B.T., and N.D. gathered at the apartment where C.L.B. lived and discussed ordering a pizza in order to rob the pizza delivery person. C.L.B. then ordered two pizzas, referring to herself as Mrs. Cunningham and asking that the delivery be made to an empty apartment near hers. C.L.B. then procured two metal rods which the conspirators planned to use to strike the delivery person and steal the pizzas and money he was carrying.
Ware, B.T., and N.D. then hid and waited for the delivery person to arrive. After the delivery person attempted to deliver the pizza to the vacant apartment, Ware jumped him and hit him in the back with the metal rod. B.T. and N.D. then further pursued the delivery person, and N.D. also hit him. The *409 delivery person threw his bag containing the pizzas at his assailants and ran away. Afterward, C.L.B., B.T., and N.D. gathered at Johnson's apartment with the stolen pizzas.
During trial, the delivery person identified Ware and B.T., although he could not identify the others. In addition, the police officer investigating the crime testified regarding statements given to him by Ware and C.L.B. which implicated all three co-defendants in the crime.
This evidence was sufficient to support the verdicts against all three co-defendants as a party to the crime committed in this case. See Jackson, supra.
Nonetheless, all three co-defendants contend that their cases must be reversed under the rule that a conviction cannot be based on the uncorroborated testimony of a single accomplice.[4] This rule, however, is simply not applicable in this case, as the evidence compiled against each co-defendant was derived from more than one witness and was supported by corroborating evidence. And, although all three co-defendants take issue with clearly corroborating evidence, arguing that this Court should not believe it, the result in these appeals does not change, for the trial court was the sole arbiter of credibility in this bench trial. See In the Interest of G. J., supra.
Finally, in a separate enumeration, B.T. contends that his conviction must be reversed because the evidence of his intent to participate in the robbery was insufficient.
The intention with which an act is done is peculiarly for the ... finder of fact. It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which they are being prosecuted. Therefore, it is often necessary to prove such intent through the use of circumstantial evidence. Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this. OCGA § 16-2-6. A finder of fact may infer that a person acted with criminal intent after considering the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. In order to support a conviction, such circumstantial evidence does not have to exclude every possible hypothesis other than the defendant's guilt, but only reasonable hypotheses. OCGA § 24-4-6. Whether a hypothesis is reasonable is a question for the finder of fact, and such finding will not be disturbed on appeal unless the guilty verdict is unsupportable as a matter of law.
(Punctuation and emphasis omitted.) In the Interest of G.J., supra at 299-300, 554 S.E.2d 269.
The evidence of record, in the light most favorable to the verdict, shows that B.T. was privy to the plan to rob the pizza delivery person, participated in the robbery, and convened with his co-defendants after the robbery. As such, the evidence supported the trial court's determination that B.T. had sufficient intent to be adjudicated delinquent as a party to the crime herein. In the Interest of G.J., supra.
Judgments affirmed.
BARNES and MIKELL, JJ., concur.
NOTES
[1] In the Interest of J.M., 237 Ga.App. 298(1), 513 S.E.2d 742 (1999).
[2] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[3] In the Interest of G.J., 251 Ga.App. 299, 300, 554 S.E.2d 269 (2001).
[4] See OCGA § 24-4-8.