## A04A1628. STEPHENS v. THE STATE.
(610 SE2d 143)

RUFFIN, Chief Judge.

Following a bench trial, the trial court found James Lee Stephens guilty of making terroristic threats. Stephens appeals, challenging the sufficiency of the evidence. For reasons that follow, we reverse.

The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment.[1] We determine evidence sufficiency and do not weigh the evidence or determine witness credibility.[2] So viewed, the evidence shows that Stephens worked as a housekeeper at the Carl Vinson VA Medical Center. Phyllis Tanner and Ronnie Skipper were his supervisors, and both had "problems" with Stephens at work. Tanner had "counseled" Stephens about not finishing his work on one occasion. She had also issued Stephens a letter indicating that he was abusing his sick leave. Stephens, however, refused to come to Tanner's office to discuss his problems at work.

Although Stephens would not communicate with Tanner, he told Skipper that he was depressed, that he wanted to transfer to another service area, and that he "wanted to take a gun and kill[ ] his supervisor." Stephens also told Skipper that he could not talk to Tanner because she made him mad and he felt like he would harm her. Skipper told Stephens to put in writing why he wanted to transfer to another service.

Shortly thereafter, Stephens wrote a letter and gave it to Skipper. The letter was addressed to Human Resources Service Line and stated: "I, James Stephens, request accommodation to another service because I am depressed. I feel like taking a gun and killing my supervisor." The letter made Skipper "uneasy" and he felt, upon actually seeing it in writing, that Stephens had threatened Tanner. Skipper told Stephens that he would deliver the letter to "human resources."

Skipper also gave a copy of the letter to Tanner. The letter frightened Tanner. Skipper also told Tanner that Stephens would not come to her office because he was afraid he would do something he might regret. Based on this evidence, Stephens was convicted of making terroristic threats against Tanner.

On appeal, Stephens asserts that the letter was not addressed to Tanner, that he did not intend for Tanner to view the letter, and that he never directed Skipper to deliver the letter to Tanner. He further claims that he wrote the letter "only for the purpose of obtaining a

---

[1] See *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997).
[2] See id.

change of employment status." Accordingly, he argues that the evidence was insufficient to prove a conviction under OCGA § 16-11-37.
We agree.

> A person commits the crime of making a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another. The crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. That the message was not directly communicated to the victim [does] not alone preclude a conviction *where the threat is submitted in such a way as to support the inference that the speaker intended or expected it to be conveyed to the victim.*[3]

Here, Stephens, at the direction of Skipper, simply put in writing his reason for wanting a transfer. Stephens did not ask Skipper to communicate the reason to Tanner, nor is there any evidence to support an inference that Stephens intended or expected the reason to be communicated to her.[4] On the contrary, the record reflects that Stephens went out of his way to avoid contact or communication with Tanner in light of his feelings toward her. Simply put, the State presented insufficient evidence that Stephens wrote the letter for the purpose of terrorizing Tanner. Accordingly, we must reverse his conviction.

*Judgment reversed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 4, 2005.

*James G. Maddox,* for appellant.
*Ralph M. Walke, District Attorney, Terry F. Holland, Assistant District Attorney,* for appellee.

---

[3] (Footnotes omitted; emphasis in original.) *Armour v. State,* 265 Ga. App. 569, 571 (1) (594 SE2d 765) (2004).
[4] See id.