A04A2179. WILLIAMS v. THE STATE.
(610 SE2d 704)

RUFFIN, Chief Judge.

A jury found Jennifer Williams guilty of making a terroristic threat.[1] In her sole enumeration of error on appeal, Williams contends that there is no evidence that she intended to terrorize. Thus, she claims that the evidence is insufficient to sustain her conviction. For reasons that follow, we disagree and affirm.

On appeal from a criminal conviction, Williams no longer enjoys a presumption of innocence.[2] Rather, we view the evidence in a light favorable to the jury's verdict.[3] In so doing, we neither weigh the evidence nor determine witness credibility.[4]

Viewed in this manner, the evidence shows that Williams was formerly married to Joe Glass, and the two had a son. Following the divorce, Williams had a hostile relationship with Michelle Edwards, her ex-husband's sister. According to Williams, the two had past "altercations," including an incident on December 7, 2001, that resulted in Williams calling the police.

---

[10] See *Butler*, supra.

[1] The jury found Williams not guilty of aggravated assault and a second charge of making a terroristic threat.

[2] See *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

[3] See id.

[4] See id.

On December 19, 2001, Williams was taking her son to elementary school at the same time Edwards was dropping off her daughter, Taja, and a young cousin, Donnicia. Williams walked her son into the building. According to Taja and Donnicia, Williams passed them in the hall and told them that she was going to kill Taja's mother. Taja then ran, crying, to a teacher and told her what had happened. Williams subsequently was convicted of making a terroristic threat against Taja Edwards.[5]

"A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another. . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated."[6] Here, Williams asserts that there is no evidence that she intended to terrorize Taja. We disagree.

"The intention with which an act is done is peculiarly for the finder of fact. It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which [she is] being prosecuted."[7] Thus, intent is often proved through the use of circumstantial evidence.[8] The evidence shows that Williams told a seven-year-old child that she was going to kill her mother. We can conceive of no purpose for saying such thing other than to terrorize the child. Under these circumstances, the jury was authorized to find Williams guilty of making a terroristic threat.[9]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 23, 2005.

*Harold S. Gulliver*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[5] Later that same morning, Williams and Edwards met on the street and exchanged blows, which served as the basis for Williams' aggravated assault charge. At trial, the two women gave vastly differing accounts of the altercation, and the jury ultimately acquitted Williams of aggravated assault. The jury also acquitted Williams of making a terroristic threat against Donnicia.

[6] OCGA § 16-11-37 (a).

[7] (Punctuation omitted.) *In the Interest of C. L. B.*, 267 Ga. App. 456, 458 (600 SE2d 407) (2004).

[8] See id.

[9] See *Boone v. State*, 155 Ga. App. 937, 939 (2) (274 SE2d 49) (1980) ("Direct evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a jury to find the threats were made for such a purpose.").