## S06A0957. McKEE v. THE STATE.
(632 SE2d 636)

THOMPSON, Justice.

Defendant Tyrone McKee was convicted of felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[1] He appeals, asserting that the evidence was insufficient to convict, and that the trial court erred in failing to charge on defense of habitation. Finding no error, we affirm.

1. Viewing the evidence in a light to uphold the verdict, we find the following: Defendant, a convicted felon, and his girlfriend, Faye McBride, went to a club to celebrate Jeffrey Hazzard's birthday. Defendant got into a fight outside of the club, and one of his punches landed on McBride's face. McBride told defendant that she did not want him to live in her apartment any longer, and that he would have to leave. She left the club with Hazzard and headed home. Defendant was already there when McBride and Hazzard arrived. McBride began to put defendant's possessions on the front porch, and she asked him to return her key. After awhile, Hazzard was able to calm defendant down; but defendant and McBride continued to argue. Soon, Marco Tilley drove up to wish Hazzard a happy birthday. Tilley told defendant to "chill out" and defendant responded that Tilley should "stay out of it." An argument ensued and defendant told Tilley to go get his guns, adding that he (defendant) had his. Tilley went to his vehicle and retrieved two handguns. He approached the porch with his arms crossed and a gun in each hand. Defendant took a gun out of the waistband of his pants and started shooting. He wounded

---

[1] The crimes occurred on July 26, 2002. The grand jury indicted defendant and Marco Tilley on October 2, 2002, and charged them with two counts of felony murder (predicated on the underlying felonies of aggravated assault and possession of a firearm by a convicted felon), possession of a firearm during the commission of a crime, and involuntary manslaughter. In addition, the grand jury charged defendant with possession of a firearm by a convicted felon and simple battery (for hitting Faye McBride in the face). Other counts of the indictment pertained only to Marco Tilley. Trial commenced on March 29, 2004, and the jury returned its verdict on March 31, finding defendant guilty of felony murder (predicated on the underlying felony of aggravated assault), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. The trial court sentenced defendant to life in prison for felony murder, five years (consecutive) for possession of a firearm, and five years for possession of a firearm by a convicted felon. Defendant's timely filed motion for new trial was denied on September 13, 2005. Defendant filed a notice of appeal on September 28, 2005. The case was docketed in this Court on February 8, 2006, and submitted for a decision on the briefs on April 3, 2006.

Tilley[2] and fatally shot Hazzard; he fled the scene for two or three minutes and then returned. Shortly thereafter, he was arrested and placed in the back of a patrol car. As he was being driven to a police station, defendant spontaneously said: "I did not mean to kill Jeff. Jeff got in the way. Jeff is my best friend."

The evidence was sufficient to find defendant guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Issues regarding the credibility of the witnesses fall solely within the province of the jury. *Taylor v. State*, 253 Ga. 727, 729 (1) (324 SE2d 460) (1985).

2. As the argument between defendant and Tilley escalated, defendant challenged Tilley to arm himself, adding that he was already carrying a pistol. Tilley accepted the challenge and retrieved his guns. As Tilley approached the porch, defendant waited with his gun at the ready; then he opened fire. Thus, defendant was an aggressor who was engaged in mutual combat, and it cannot be said that he was justified in using force in defense of habitation. See *Farley v. State*, 265 Ga. 622, 623 (458 SE2d 643) (1995) (a person is not justified in using force in self-defense if he is the initial aggressor or engaged in mutual combat, unless he withdraws from the encounter and notifies the other participant that he is doing so). It follows that the trial court did not err in refusing defendant's request to charge on defense of habitation.

Even if it can be said that the trial court should have charged the jury on defense of habitation, we would find no reversible error because (1) the trial court charged the jury on self-defense and justifiable homicide; and (2) the evidence of defendant's guilt was overwhelming. See generally *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); *Gregory v. State*, 277 Ga. App. 664, 668 (4) (627 SE2d 79) (2006).

*Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004), upon which defendant relies, is inapposite. In *Benham*, unlike the case at bar, evidence of mutual combat was lacking.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Donald B. Lowe III*, for appellant.

---

[2] Tilley was shot in the back and paralyzed.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.