## A07A0919. RAINEY v. THE STATE.
### (649 SE2d 871)

BERNES, Judge.

Following a bench trial, Jackie Rainey II was convicted of simple battery. On appeal, he contends that there was insufficient evidence to convict him.[1] We disagree and affirm.

"The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment. We determine evidence sufficiency and do not weigh the evidence or determine witness credibility." (Footnote omitted.) *Stephens v. State*, 271 Ga. App. 509 (610 SE2d 143) (2005). We will affirm the trial court's judgment "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870, 871 (490 SE2d 539) (1997).

Viewed in this light, the evidence shows that on October 13, 2003, Rainey and his wife, the victim, got into a physical altercation over car keys at their home in Bartow County. Rainey told the victim that he needed to use their van to visit a friend. In response, the victim picked up the keys to the van and told Rainey that she needed the van so that she could go to work later that day. Rainey then chased the victim in an effort to get the keys, and a fight ensued. According to the victim,

> we were in the bedroom and [Rainey] was scuffling for the keys, trying to grab the keys out of my hand, and he began to pull them from me and he had placed all his weight on me.

---

[1] Rainey appeals from his conviction of simple assault on the same ground. The trial court, however, merged Rainey's simple assault conviction into his simple battery conviction for sentencing purposes. Hence, we decline to consider whether there was sufficient evidence to convict Rainey of simple assault. See *Harris v. State*, 283 Ga. App. 374, 376 (1), n. 1 (641 SE2d 619) (2007).

And, in doing that, he had his hand across my face, so I bit his hand to get him off of me. And somehow I end[ed] up wiggling out of that with the keys, ran outside to the van and shut the van [door]. He came into the van and there he began to wrestle me, put his weight on me again, and pulled my hair. He pulled my hair out and began to choke me.

As the struggle over the keys continued, Rainey picked up a large screwdriver that was in the van and used the handle to beat the victim repeatedly in the hands, causing her pain and swelling. At that point, Rainey was able to apprehend the keys from the victim, who fled into their home screaming. Rainey subsequently drove off in the van.

Rainey was indicted for simple battery and simple assault. At the bench trial, the victim testified to the events set forth above. Rainey also took the stand and admitted that he used the screwdriver to strike the victim's hands. Rainey explained, "[T]hat was just to show her that I meant business." After hearing all the testimony, the trial court found Rainey guilty of the charged offenses. Rainey moved for a new trial on the ground that there was insufficient evidence to convict him, and the trial court denied the motion.

In his sole enumeration of error, Rainey argues that the trial court erred in concluding that there was sufficient evidence to convict him of simple battery. "A person commits the offense of simple battery when he . . . [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another." OCGA § 16-5-23 (a) (1). The accusation averred that Rainey committed simple battery by "intentionally mak[ing] contact of an insulting and provoking nature by striking [the victim], with a solid object."

Here, the victim's testimony concerning how Rainey hit her in the hands with the screwdriver was sufficient, standing alone, to sustain Rainey's conviction. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). And, of course, the victim's testimony was buttressed by Rainey's own admissions at trial. Finally, although Rainey in his appellate brief characterizes the incident as one involving "mutual argument," that in itself would not justify Rainey's actions: "[A] person is not justified in using force in self-defense if he is the initial aggressor or engaged in mutual combat, unless he withdraws from the encounter and notifies the other participant that he is doing so." *McKee v. State*, 280 Ga. 755, 756 (2) (632 SE2d 636) (2006). See also *Farley v. State*, 265 Ga. 622, 623 (2) (458 SE2d 643) (1995). For these reasons, we conclude that the evidence was sufficient for a rational trier of fact to find Rainey guilty beyond a reasonable doubt of simple battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also

*Eberhart v. State*, 241 Ga. App. 164, 165-166 (1) (526 SE2d 361) (1999); *Ringo v. State*, 236 Ga. App. 38, 40 (510 SE2d 893) (1999); *Wells v. State*, 204 Ga. App. 90, 90-91 (418 SE2d 450) (1992).

 *Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 19, 2007.

*Christopher G. Paul*, for appellant.
 *T. Joseph Campbell, District Attorney, Gregory S. Dickson, Assistant District Attorney*, for appellee.