## A08A0531. WILSON v. THE STATE.
(661 SE2d 634)

MIKELL, Judge.

A Richmond County jury convicted Kevin Wilson of terroristic threats, possession of a firearm during the commission of a crime, giving a false name to a law enforcement officer, and possession of a firearm by a convicted felon. The court sentenced Wilson to ten years, with five to be served in confinement and the balance on probation. On appeal from the denial of his motion for new trial, Wilson contends that the trial court erred in denying his motion for a directed verdict on the charge of terroristic threats and that, therefore, the evidence was insufficient to support his conviction for

---

[34] *Lindo v. State*, 278 Ga. App. 228, 238 (4) (d) (628 SE2d 665) (2006).
[35] 282 Ga. 58-59 (646 SE2d 202) (2007).

possession of a firearm during the commission of a crime. We affirm.

Viewed in the light most favorable to support the jury's verdict, the record reflects that on March 4, 2005, at approximately 2:45 a.m., Tobian Norris was leaving the drive-thru lane at McDonald's on Washington Road when he narrowly missed colliding with a car in the parking lot. The driver of the vehicle became agitated. Norris pulled up next to her car and told her to "chill the F out[,]" and Wilson, a passenger in the vehicle, pulled out a black and silver handgun, cocked it, and started to open the car door. Norris drove to a gas station across the street and called police. At trial, Norris identified Wilson as the man who threatened him with a gun.

Deputy Ryan Brockman of the Richmond County Sheriff's Office responded to the gas station, where Norris described the incident and told him that Wilson and his companion were still in the drive-thru line waiting for their order. Brockman went over to the restaurant, searched the vehicle pointed out by Norris, and discovered a loaded silver handgun in a purse behind the driver's seat. Wilson told Brockman that his name was Kevin Epps.

1. Wilson contends that the trial court erred in denying his motion for a directed verdict on the charge of making terroristic threats because Norris's testimony was uncorroborated. We disagree.

OCGA § 16-11-37 (a) provides that no person shall be convicted of committing the offense of making terroristic threats on the uncorroborated testimony of the party to whom the threat is communicated. It is well established that "[t]he quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged."[1] "Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value."[2] Although the threat was only witnessed by Norris, Brockman's testimony that he recovered a gun from Wilson's presence minutes after the incident constitutes some evidence corroborating Norris's testimony about the threat.[3]

---

[1] (Citations and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 97 (1) (c) (625 SE2d 465) (2005). See also *Mendoza v. State*, 274 Ga. App. 662, 663 (1) (618 SE2d 712) (2005).

[2] (Footnote omitted.) *Pringle v. State*, 281 Ga. App. 235, 237-238 (1) (a) (635 SE2d 839) (2006).

[3] See, e.g., *In the Interest of M. V. H.*, 281 Ga. App. 486, 488-489 (1) (636 SE2d 168) (2006) (evidence that officer found broken pencil at scene corroborated victim's testimony that defendant committed aggravated assault with a deadly weapon); *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993) (defendant's aggressive and hostile behavior prior to arrest was sufficient to corroborate officer's testimony that defendant threatened him); *Sampson v. State*,

2. Wilson contends that since Norris's testimony was uncorroborated, there is insufficient evidence to support his conviction for possession of a firearm during the commission of a crime, which was based on the act of making terroristic threats. Given our finding in Division 1, this claim lacks merit.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 23, 2008.

*Jason R. Hasty*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

209 Ga. App. 213, 215 (1) (433 SE2d 136) (1993) (evidence of defendant's presence on the scene, his reaction to victim, and victim's demeanor was sufficient to corroborate victim's testimony).