## A09A1150. HOBBY v. THE STATE.
### (679 SE2d 72)

BLACKBURN, Presiding Judge.

Following a bench trial, Jeffrey Hobby appeals his conviction for making terroristic threats,[1] arguing that the evidence was insufficient to sustain the conviction. Because his actions both before and after his threat to kill his neighbor were violent toward the neighbor, such showed his intent to terrorize his neighbor and corroborated the threat. Accordingly, we affirm.

"The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment. We determine evidence sufficiency and do not weigh the evidence or determine witness credibility." (Punctuation omitted.) *Rainey v. State.*[2]

So viewed, the evidence shows that Hobby, a large man who had had several disputes with his diminutive neighbor, was blowing his driveway with a gas-powered leaf blower while the neighbor was driving a motorcycle back-and-forth on the street in front of Hobby's house. As the neighbor was passing for the third time near Hobby's driveway, Hobby threw the leaf blower at the neighbor, striking him in the chest and causing him to fall from the motorcycle. While the neighbor was struggling to his feet, Hobby screamed, "I'm going to f**king kill you," to which the neighbor responded, "In your f**king dreams." Hobby charged the neighbor, knocking him down, striking and choking him. The neighbor's 12-year-old son arrived and attempted to intervene, only to have Hobby thrust the son onto a nearby large rock. Hobby then fled into his house. Police were summoned and found both men in their homes with injuries. Besides abrasions on his neck and elsewhere, the neighbor suffered from

---

[1] OCGA § 16-11-37 (a).
[2] *Rainey v. State*, 286 Ga. App. 682, 682 (649 SE2d 871) (2007).

fractured ribs and a fractured finger.

Indicted on counts of aggravated assault, terroristic threats, and simple battery, Hobby denied throwing the leaf blower at or threatening the neighbor and in fact claimed that the neighbor had run into him with the motorcycle and had initiated the ensuing physical confrontation. At a bench trial, Hobby was acquitted of the aggravated assault charge but was found guilty on the counts of terroristic threats and simple battery. He appeals only his conviction for terroristic threats, challenging the sufficiency of the evidence and claiming that the proof fatally varied from the allegations. We disagree and affirm.

1. "A person commits the crime of making a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another." *Armour v. State.*[3] See OCGA § 16-11-37 (a). "The crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize." *Armour*, supra, 265 Ga. App. at 571 (1).

Hobby contends that the State failed to show that he intended to terrorize the neighbor when he threatened to kill the neighbor. "[D]irect evidence that the threats were made for the purpose of terrorizing another is not necessary if the circumstances surrounding the threats are sufficient for a trier of fact to find the threats were made for such a purpose." (Punctuation omitted.) *In the Interest of K. J.*[4] See *Boone v. State.*[5]

Here, the behavior of Hobby both before and after the threat demonstrated his intent to terrorize the neighbor. Hobby's throwing the leaf blower into the neighbor and knocking him off his motorcycle before the threat, followed by charging the neighbor, attacking the neighbor with his hands, and choking him after the threat, certainly provided sufficient circumstantial evidence from which the trier of fact could infer that he intended to terrorize the neighbor with his threat. Whether the threat actually put fear in the heart of the neighbor is irrelevant, as the crime "focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize." *Boone*, supra, 155 Ga. App. at 939 (2). Compare *Stephens v. State*[6] (no intent to terrorize shown where defendant "went out of his way to avoid contact or communication with" the alleged victim).

---

[3] *Armour v. State*, 265 Ga. App. 569, 571 (1) (594 SE2d 765) (2004).
[4] *In the Interest of K. J.*, 294 Ga. App. 155, 156 (668 SE2d 775) (2008).
[5] *Boone v. State*, 155 Ga. App. 937, 939 (2) (274 SE2d 49) (1980).
[6] *Stephens v. State*, 271 Ga. App. 509, 510 (610 SE2d 143) (2005).

Hobby contends that the evidence of the terroristic threat was not corroborated as required by the statute. See OCGA § 16-11-37 (a) ("[n]o person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated"). However, "the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged." (Punctuation omitted.) *Wilson v. State*.[7] Indeed, "[s]light circumstances may be sufficient for corroboration and the question of corroboration is one solely for the [trier of fact]. If there is any evidence of corroboration, this court will not go behind the . . . verdict and pass on its probative value." *Boone*, supra, 155 Ga. App. at 939 (1). Such corroborating circumstances may include defendant's aggressive and hostile conduct leading up to and during the threat. See *Maskivish v. State*;[8] *Drew v. State*;[9] *Stone v. State*.[10] In addition to the victim's testimony, see *Drew*, supra, 256 Ga. App. at 393 (1), here we have the testimony of the victim's son as to Hobby's violent behavior surrounding the threat, as well as the testimony of the police and another witness as to the neighbor's injuries. Such sufficed to provide the necessary corroboration.

2. Finally, Hobby complains that the indictment charged him with threatening to "murder" the neighbor whereas the evidence only showed that he threatened to "kill" the neighbor. Such is hardly a fatal variance, as to be fatal the variance must "affect the substantial rights of the accused." (Punctuation omitted.) *Lawhorn v. State*.[11] The indictment here definitely informed Hobby as to the charge against him so as to enable him to present his defense and to avoid surprise, and further protected him against another prosecution for the same offense. See id. at 453-454 (1). We discern no error.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 19, 2009.

*Brian Steel*, for appellant.
*Patrick H. Head, District Attorney, Erman J. Tanjuatco, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[7] *Wilson v. State*, 291 Ga. App. 263, 264 (1) (661 SE2d 634) (2008).
[8] *Maskivish v. State*, 276 Ga. App. 701, 703 (2) (624 SE2d 160) (2005).
[9] *Drew v. State*, 256 Ga. App. 391, 393 (1) (568 SE2d 506) (2002).
[10] *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993).
[11] *Lawhorn v. State*, 200 Ga. App. 451, 453 (1) (408 SE2d 425) (1991).