A09A0774. BROWN v. THE STATE.
(683 SE2d 614)

ADAMS, Judge.

Following a stipulated bench trial, Mary E. Brown appeals her convictions for DUI per se, DUI less safe, and underage possession of alcohol, contending that (1) the trial court erred in denying her motion to suppress the results of an alco-sensor test, because she was

---

not read *Miranda* rights prior to its administration, (2) she was arrested without probable cause, and (3) the legally admissible evidence presented against her was insufficient to support her convictions. Finding no error, we affirm.

"The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment. We determine evidence sufficiency and do not weigh the evidence or determine witness credibility." We will affirm the trial court's judgment "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

(Citations omitted.) *Rainey v. State*, 286 Ga. App. 682 (649 SE2d 871) (2007).

So construed, the evidence shows that on April 20, 2008, at approximately 1:30 a.m., Deputy Shaw of the Cherokee County Sheriff's Department stopped a vehicle for various equipment violations, including a cracked windshield and broken brake light. The vehicle was occupied by Brown, who was driving, and a passenger. Upon approaching the vehicle, Deputy Shaw noted an odor of alcohol. When asked for identification, Brown stated that she had lost her driver's license. Brown was directed out of the vehicle to determine if the alcoholic odor was exuding from her. Once Brown was outside, Deputy Shaw asked her preliminary questions including her date of birth, from which he learned that Brown was a minor. Deputy Shaw continued to smell the alcohol on her and further noticed she was extremely talkative, manifesting a state he described as a "happy drunk." Additionally, her eyes were bloodshot and glassy. Shaw asked Brown to take an alco-sensor test, and after some initial difficulty in performing the test, she was able to complete it. The test measured positive, and the officer asked her again whether she had been drinking, although she had initially told him that she had not consumed any alcohol. When questioned again, Brown told the officer she had consumed "one," although she did not specify what type of alcoholic beverage she had consumed. Brown was then placed under arrest and, after being read the implied consent warning for suspects under the age of 21, agreed to take the state-administered breath test. The results of that test indicated that Brown was well above the per se legal limit for persons under the age of 21.

No other field sobriety tests were conducted, and there was no indication of any impairment in Brown's driving.

On June 2, 2008, Brown filed a motion to suppress and/or motion

to dismiss, contending that she was arrested without probable cause and that the results of the alco-sensor test should be suppressed because she was not read her *Miranda* rights prior to its administration. The trial court denied these motions and found Brown guilty of DUI per se (Count 1), DUI less safe (Count 2), minor in possession of alcohol (Count 4), violation of a Class D license restriction (Count 5), and improper brake lights (Count 6).[1]

1. Brown first argues that the trial court erred by denying her motion to suppress/motion to dismiss because she was entitled to be advised of her *Miranda* rights prior to the administration of the alco-sensor test. We find no merit to this contention.

> [T]he issue of whether *Miranda* protections attach to the results of field sobriety evaluations has been addressed repeatedly under Georgia law. It is well established that *Miranda* warnings are not required while an investigating officer conducts preliminary questioning or field sobriety tests, but apply only after a DUI suspect is arrested.

*Loden v. State*, 271 Ga. App. 632, 633 (610 SE2d 593) (2005).

Although, the record clearly shows that the alco-sensor test was administered prior to Brown's formal arrest, Brown contends that she was nevertheless in custody at the time the test was administered and therefore the protections of *Miranda* were triggered.

> [F]or the proscriptions of *Miranda* to apply, a "person must be taken into custody or otherwise deprived of his freedom of action in some significant way." In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. The test for determining whether a person is "in custody" at a traffic stop is if a reasonable person in the *suspect's* position would have thought the detention would not be temporary.

(Citations and punctuation omitted.) *Lyons v. State*, 244 Ga. App. 658, 663 (2) (535 SE2d 841) (2000).

"The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and we will not disturb the trial court's determination unless it is clearly erroneous." *Tune v. State*,

---

[1] The trial court merged the convictions on Counts 2, 4, 5 and 6 with the DUI per se conviction for sentencing.

286 Ga. App. 32, 35 (1) (b) (648 SE2d 423) (2007).

In this case, Deputy Shaw did not make any statement or take any action that would cause a reasonable person in Brown's position to believe that his freedom was restrained to the degree associated with a formal arrest. Brown was not handcuffed, secured in the back of a police vehicle, or treated in any manner which would raise this investigative stop to the level of an arrest. Additionally, Brown voluntarily submitted to the alco-sensor tests. Similarly, we held the suspect in *Lyons* was not entitled to *Miranda* rights because he voluntarily chose to step out of the car and take field sobriety tests. *Lyons*, 244 Ga. App. at 663 (2). The trial court's finding that Brown was not in custody at the time the alco-sensor test was administered was not clearly erroneous.

Brown makes the additional argument that her status as a minor makes this case materially different than typical DUI stops. Brown notes that when people over the age of 21 are questioned in situations involving a possible DUI offense, the officer is trying to determine whether there is possible impairment or probable cause sufficient for an arrest. In these cases, the officer is merely "investigating" to determine possible impairment or probable cause to arrest, and *Miranda* warnings are not required at this juncture. Brown asserts, however, that when an officer administers an alco-sensor test to someone he knows to be a minor, the minor is entitled to *Miranda* warnings prior to the administration of the test because the "sole and direct focus of the investigation is the minor's guilt or innocence of, at least, the crime of minor in possession of alcohol by consumption[ ]" in violation of OCGA § 3-3-23 (a) (2).

However, Brown's argument is based on a misapprehension of OCGA § 3-3-23. OCGA § 3-3-23 (a) explicitly provides that underage alcohol consumption is not a crime if the consumption is "otherwise authorized by law." OCGA § 3-3-23 (b) and (c) provide such authorized exceptions.[2] For example, pursuant to OCGA §

---

[2] OCGA § 3-3-23 (a), (b), and (c) provide in full:

(a) Except as otherwise authorized by law:

(1) No person knowingly, directly or through another person, shall furnish, cause to be furnished, or permit any person in such person's employ to furnish any alcoholic beverage to any person under 21 years of age;

(2) No person under 21 years of age shall purchase, attempt to purchase, or knowingly possess any alcoholic beverage;

(3) No person under 21 years of age shall misrepresent such person's age in any manner whatever for the purpose of obtaining illegally any alcoholic beverage;

(4) No person knowingly or intentionally shall act as an agent to purchase or acquire any alcoholic beverage for or on behalf of a person under 21 years of age; or

(5) No person under 21 years of age shall misrepresent his or her identity or use any false identification for the purpose of purchasing or obtaining any alcoholic beverage.

3-3-23 (b) (1), an underage person who consumes alcohol for medical purposes would not be found guilty under OCGA § 3-3-23 (a) (2). Similarly, if the alcohol was consumed for "religious purposes," or was consumed at the person's home with the consent and in the presence of his parents, the person would not be guilty of underage possession. See OCGA § 3-3-23 (b) (2), (c); see also *Hanson v. State*, 275 Ga. 470 (569 SE2d 513) (2002) (holding that OCGA § 3-3-23 does not violate equal protection because it allows certain persons under 21 to possess alcohol, while making it a crime for others). Hence, Brown's assertion that "a positive alco-sensor of a minor establishes, without question, guilt of the crime of minor in possession of alcohol by consumption" is incorrect.

2. Brown also argues that the trial court erred by finding that Deputy Shaw had sufficient probable cause to arrest her for DUI. Again, we find no merit to this contention.

Here, Deputy Shaw had sufficient evidence of probable cause for an arrest of DUI. Deputy Shaw noted an alcohol odor on Brown, he believed her to be manifesting a state of being a "happy drunk," her eyes were bloodshot and glassy, and the result of the alco-sensor test was positive. See *Cann-Hanson v. State*, 223 Ga. App. 690, 691 (1) (478 SE2d 460) (1996) ("Even in the absence of the field sobriety tests, the officer's observation that [the suspect] had bloodshot, watery eyes and exuded an odor of alcohol was sufficient to show probable cause to arrest him for driving under the influence.").

3. Lastly, Brown urges that we reverse her convictions for minor in possession and DUI based on the arguments addressed in Divisions 1 and 2 of this opinion. However, inasmuch as we have decided these contentions adversely to Brown, this enumeration likewise provides no basis for reversal.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 1, 2009 —
RECONSIDERATION DENIED JULY 27, 2009.

*Michael J. Kramer*, for appellant.

---

(b) The prohibitions contained in paragraphs (1), (2), and (4) of subsection (a) of this Code section shall not apply with respect to the sale, purchase, or possession of alcoholic beverages for consumption:

(1) For medical purposes pursuant to a prescription of a physician duly authorized to practice medicine in this state; or

(2) At a religious ceremony.

(c) The prohibitions contained in paragraphs (1), (2), and (4) of subsection (a) of this Code section shall not apply with respect to the possession of alcoholic beverages for consumption by a person under 21 years of age when the parent or guardian of the person under 21 years of age gives the alcoholic beverage to the person and when possession is in the home of the parent or guardian and such parent or guardian is present.

*David L. Cannon, Jr., Solicitor-General, Kristen A. Roch, Michelle Holbrook Homier, Assistant Solicitors-General,* for appellee.