## A11A2417. ENUKA v. THE STATE.
### (724 SE2d 471)

DOYLE, Presiding Judge.

Following a jury trial, Okechukwu Enuka appeals from his conviction for making a terroristic threat,[1] arguing that the trial court erred by denying his motion for new trial on the general grounds and a claim of ineffective assistance of counsel. Finding the evidence sufficient and no error in the trial court's ruling on trial counsel's effectiveness, we affirm.

Construed in favor of the verdict,[2] the evidence shows that Enuka received a notice that the rent on his apartment was past due. Enuka called the management office to notify them that he had already paid his rent by money order, and the property director, Michelle Brooks, explained that the rent drop box had recently been burglarized, so they were sorting out whose payments had been received and whose had not. She began to explain to Enuka the process for tracing his money order to stop the payment on it when Enuka became agitated and verbally abusive on the phone. She asked him not to come to the office, but Enuka hung up on her in anger and came to the office.

In the meantime, Brooks alerted the accounts administrator, Jacob Wheeler, that Enuka was coming to the office because she "felt like there might be a situation that we might need help." Once at the office, Enuka began angrily yelling and cursing at Brooks and Wheeler, calling them "f—ing idiots" and "bitch" with spit flying as he refused their requests for him to leave. Wheeler finally suggested he might need to call the police, and Enuka said "Call the police. I don't care. . . . Suck my big . . . d—." Enuka eventually walked out of the office and began to drive away in his car, screeching his tires

---

[1] OCGA § 16-11-37 (a).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

as the staff called the police. Shortly thereafter, Enuka returned in his car, saw Wheeler standing outside the office with several maintenance personnel, and yelled at Wheeler, "You're dead. You're f—ing dead. You hear me? You're f—ing dead." At that point, the police had arrived and blocked in Enuka's car. After interviewing Enuka and the witnesses, the police arrested Enuka.

Enuka was charged with terroristic threats, criminal trespass, and disorderly conduct (two counts) based on the incident. A jury acquitted him of all but the terroristic threat count. Enuka filed a motion for new trial, which was denied, giving rise to this appeal.

1. Enuka first challenges the sufficiency of the evidence. When an appellate court reviews the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[3]

Here, Enuka points to several minor variations in the accounts of each of the five witnesses who testified to the threat made by Enuka against Wheeler. For example, Enuka emphasizes his own testimony denying the threat and highlights minor inconsistencies in the wording or timing of statements recalled by the various witnesses, i.e., whether Enuka was inside his car, inside the office, or on the sidewalk when he made the threat. Nevertheless, it is not this Court's role to resolve the inconsistencies in witnesses' testimony. It is for the jury, not an appellate court, "to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence."[4] Our role is to evaluate the evidence "in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence."[5]

Viewed accordingly, the evidence showed that Enuka, after an

---

[3] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[4] *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004).

[5] (Punctuation omitted.) *Hamrick v. State*, 304 Ga. App. 378 (1) (696 SE2d 403) (2010).

enraged and profane confrontation, angrily returned to the scene to tell Wheeler that he was a "dead man." This authorized the jury to conclude that Enuka was threatening to kill Wheeler, which would meet the definition of a terroristic threat: "A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence, . . . with the purpose of terrorizing another . . . or in reckless disregard of the risk of causing such terror."[6] Therefore, this enumeration is without merit.

2. Enuka also argues that the trial court erroneously denied his claim that trial counsel was ineffective (a) by failing to properly investigate the drop box burglary, and (b) by failing to communicate a plea offer. We disagree.

Under *Strickland v. Washington*,[7] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[8] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[9] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[10] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[11]

(a) Enuka first argues that his trial counsel performed deficiently by failing to obtain either photographs of the damaged drop box or a police report of the burglary. Nevertheless, as explained by Enuka's trial counsel, this evidence would have been cumulative of the testimony by the apartment staff that the drop box had been burglarized, it was irrelevant to whether Enuka had made the threats, and it would not aid a legal defense to making the threats. Therefore, Enuka cannot meet his burden under *Strickland* based on his trial counsel's failure to obtain additional proof of the drop box burglary.

---

[6] OCGA § 16-11-37 (a). See *Moore v. State*, 234 Ga. App. 332, 333 (3) (a) (506 SE2d 685) (1998) (threat to kill was sufficient evidence of terroristic threat); *Stone v. State*, 210 Ga. App. 198, 199 (435 SE2d 527) (1993) (same).

[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] See id. at 687-688, 694 (III) (A)-(B).

[9] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[10] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[11] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(b) Enuka also argues that his trial counsel failed to communicate a plea offer. Nevertheless, by his own testimony at the motion for new trial hearing, Enuka conceded that he refused the State's only plea offer (to a felony) which was communicated to him by trial counsel. Further, Enuka's trial counsel testified at the hearing that he had negotiated forcefully with the State to gain access to the district attorney's pre-trial diversion program, but Enuka refused to enter that program, emphasizing his innocence and stating that the only acceptable resolution would be trial or dismissal. This record supports a finding that counsel worked diligently to obtain a plea offer, and all offers were communicated to Enuka. Accordingly, Enuka has not carried his burden of showing that his counsel performed deficiently or that he would have accepted a plea offer not communicated to him.[12]

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 29, 2012.

*David P. Smith, Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Jason D. Marbutt, Anna G. Cross, Assistant District Attorneys*, for appellee.

