**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 1, 2013**

# In the Court of Appeals of Georgia

A12A2425. SMITH v. THE STATE.

ELLINGTON, Chief Judge.

Following a bench trial, the Superior Court of Newton County found Luther Smith guilty beyond a reasonable doubt of making a terroristic threat, OCGA § 16-11-37 (a). Following the denial of his motion for a new trial, Smith appeals, contending that the evidence was insufficient to support a finding that he had the requisite criminal intent. Finding no error, we affirm.

When reviewing a conviction after a bench trial,

[t]he issue before [the appellate court] is whether the evidence was sufficient to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, we view the evidence in the light most favorable to the [trial court's judgment], and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence[,] nor do we determine the

[witnesses'] credibility. Instead, we determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and punctuation omitted.) *Brown v. State*, 298 Ga. App. 545, 545-546 (680 SE2d 579) (2009). In particular, "[t]he intention with which an act is done is peculiarly for the finder of fact. It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which [he] is being prosecuted. Thus, intent is often proved through the use of circumstantial evidence." (Punctuation and footnotes omitted.) *Williams v. State*, 271 Ga. App. 755, 756 (610 SE2d 704) (2005).

Viewed in the light most favorable to the judgment, the evidence shows the following. On April 2, 2010, Smith entered a hair salon in Covington and asked the owner where he could have a check cashed. The owner of the salon told Smith that she did not know. After saying, "all I'm trying to do is get my d–n check cashed," Smith left the salon. A few minutes later, Smith came back into the salon and loudly said to the owner and others present, "All I was trying to do was get my mother f-----g check cashed, and y'all act like y'all don't know where no check cashing place is. I will tell y'all mother f-----s to get down on the floor and spray all you mother f-----s."

2

After arguing loudly with the owner for another ten minutes, prompting her to call 911, Smith left the salon and drove away.

"A person commits the offense of a terroristic threat[, inter alia,] when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another[.] . . . No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-11-37 (a). Here, the indictment accused Smith of committing terroristic threats specifically by threatening to commit aggravated assault with the purpose of terrorizing the salon's owner and one of the customers. As such, the State was required to prove two essential elements: (1) that Smith threatened the victims with aggravated assault and (2) that he acted with the purpose of terrorizing them. *Nelson v. State*, 277 Ga. App. 92, 97 (1) (c) (625 SE2d 465) (2005). In arguing that his threat to make the victims get on the floor and to "spray" them, though laced with profanity and made in a loud tone of voice, was insufficient as a matter of law to show that he intended to terrorize them, Smith cites *Hobby v. State*, 298 Ga. App. 52 (679 SE2d 72) (2009). In that case, the finding of an intent to make a terroristic threat was based on evidence that the defendant threw a leaf blower at the victim, knocked him off his

3

motorcycle, threatened to kill him, and then physically attacked him; the victim was injured. Id. at 53 (1).

Although there was evidence in *Hobby v. State* that physically violent conduct that injured the victim preceded and followed the verbal threat, however, such evidence is not the only basis for finding an intent to terrorize the victim of threat under Georgia law.[1] Smith does not even attempt to argue that there could have been some purpose for his threat, such as humor, *other than* terrorizing the victims. We conclude that the evidence authorized a rational finder of fact to find that Smith's purpose in returning to the salon after his request was rebuffed, loudly cursing the victims, and threatening to force them to the floor and shoot them was to terrorize the

[1] See, e.g., *Enuka v. State*, 314 Ga. App. 466, 467-468 (1) (724 SE2d 471) (2012) (The evidence was sufficient to sustain a terroristic threat conviction where it showed that, after an enraged and profane confrontation with the victim, the defendant angrily returned to the scene and told the victim that he was "a dead man."); *Williams v. State*, 271 Ga. App. at 756 (The evidence was sufficient to sustain a terroristic threat conviction where it showed that the defendant told a seven-year-old child that she was going to kill the child's mother.); *Jordan v. State*, 214 Ga. App. 346, 347 (447 SE2d 341) (1994) (The evidence was sufficient to sustain a terroristic threat conviction where it showed that, during an acrimonious encounter with a police officer, the defendant told the officer that he better get a bulletproof vest for his head, "because we got your 308's, your 9 millimeters, . . . your UZI's[, and] your infrared[;] we got it all."); *Moss v. State*, 139 Ga. App. 136, 136-137 (1) (228 SE2d 30) (1976) (The evidence was sufficient to sustain a terroristic threat conviction where it showed that the defendant threatened to kill police officers who were arresting him for creating a disturbance.).

victims. *Enuka v. State*, 314 Ga. App. at 467-468 (1); *Williams v. State*, 271 Ga. App. at 756; *Jordan v. State*, 214 Ga. App. at 347; *Moss v. State*, 139 Ga. App. at 136-137 (1).

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*