**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 28, 2020**

# In the Court of Appeals of Georgia

A20A0685. LAMB v. THE STATE.

MARKLE, Judge.

Following a bench trial, Derrick Dwayne Lamb was convicted of one count of armed robbery (OCGA § 16-8-41).[1] He now appeals from the trial court's denial of his motion for new trial, arguing that (1) the evidence was insufficient to support his conviction, and (2) the verdict was against the weight of the evidence, and the trial court should exercise its discretion as the thirteenth juror to grant a new trial. After a thorough review of the record, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that the

---

[1] Lamb was also charged and convicted of aggravated assault, but this conviction merged with armed robbery for purposes of sentencing.

victim was working at a Game Stop, and had just opened the store when three customers came in, one of whom was later identified as Lamb. While the victim was behind the counter at the register, Lamb threw lighter fluid on him, demanded money, and threatened to set him on fire if he did not hand over the money from the cash register. Lamb then reached his hand into his pocket as if he had a lighter while he continued to threaten the victim. Although the victim never saw a lighter, he knew the liquid was lighter fluid because of the smell and because it burned when it touched his skin. The victim gave Lamb about $300 from the cash register, and Lamb left the store.[2]

Lamb was charged with armed robbery and aggravated assault. Following a bench trial, Lamb was convicted on both counts, and sentenced to twenty years, with the first ten years to serve in confinement. He filed a motion for new trial, which the trial court denied following a hearing. Lamb then filed a notice of out-of-time appeal, which the trial court granted, and this appeal followed.[3]

---

[2] The incident was captured on video surveillance, which was admitted and played for the trial court.

[3] Although the record does not contain Lamb's motion for out-of-time appeal, the record does include the court's order granting same.

1. First, Lamb argues that the evidence against him was insufficient to support his conviction for armed robbery because lighter fluid and a lighter are not items commonly considered to be offensive items. We disagree.

> The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment. We determine evidence sufficiency and do not weigh the evidence or determine witness credibility. We will affirm the trial court's judgment if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Brown v. State*, 299 Ga. App. 402, 403 (683 SE2d 614) (2009).

Viewed in this manner, the evidence was sufficient to sustain Lamb's conviction for armed robbery. Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." And,

> for purposes of armed robbery, the term ''offensive weapon'' includes not only weapons which are offensive per se, such as firearms loaded with live ammunition, but also embraces other instrumentalities not

3

normally considered to be offensive weapons in and of themselves but which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use.

(Citation and punctuation omitted.) *Simmons v. State*, 342 Ga. App. 853, 856 (1) (a) (805 SE2d 615) (2017). Also, "circumstantial evidence is sufficient to establish the use of a device appearing to be a weapon, and a conviction for armed robbery may be sustained even though the article used was neither seen nor accurately described by the victim. The armed robbery statute requires only some physical manifestation of a weapon *or some evidence from which the presence of a weapon may be inferred*." (Citations and punctuation omitted; emphasis added.) *Simmons*, 342 Ga. App. at 856 (1) (a).

Here, the evidence showed that Lamb threw lighter fluid on the victim, to the extent of burning his skin, and then threatened to set the victim on fire if he did not give him the money from the cash register. The lighter fluid, used in this manner, was likely to cause great bodily injury or death, and thus was sufficient to establish its use as an offensive weapon. *Simmons*, 342 Ga. App. at 856 (1) (a). And, although the victim indicated he never saw a lighter, he testified that, after throwing lighter fluid on him, Lamb reached his hand into his pocket while threatening to set him on fire,

4

and the victim was in fear of being ignited. As such, the evidence here satisfies the essential element of an inferred weapon. Id.

To the extent that Lamb argues the evidence against him was sufficient only to convict him of robbery by intimidation, this argument also fails.

> In a bench trial, the trial judge sits as the factfinder and must consider a lesser included offense if there is "some evidence, no matter how slight, that shows that the defendant committed a lesser offense. However, where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, the trial court does not err by not considering the lesser offense.

(Citations and punctuation omitted.) *Carter v. State*, 257 Ga. App 620, 621 (1) (571 SE2d 831) (2002). Here, as mentioned above, the State's evidence established all the elements of armed robbery. Lamb's use of the lighter fluid, under the facts of this case, did not demand the trial court consider the lesser included offense of robbery by intimidation. Id. at 621 (1).

Accordingly, we find that there was sufficient evidence to support Lamb's conviction for armed robbery beyond a reasonable doubt, and Lamb's argument fails.

5

2. Lamb also argues that the verdict was against the weight of the evidence and the trial court should exercise its discretion as the thirteenth juror and grant a new trial. We are unpersuaded.

A trial judge may grant a new trial if it finds the verdict of the jury is "contrary to [the] evidence and the principles of justice and equity" or "decidedly and strongly against the weight of the evidence." OCGA §§ 5-5-20 and 5-5-21. These "general grounds" require the trial judge to exercise a broad discretion to sit as a "thirteenth juror." *Butts v. State*, 297 Ga. 766, 771-772 (3) (778 SE2d 205) (2015). "A trial court reviewing a motion for new trial based on these grounds has a duty to exercise its discretion and weigh the evidence and consider the credibility of the witnesses." *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013). If the trial court performs this duty, then we have no basis for reviewing the court's decision, as "such a decision is one that is solely within the discretion of the trial court." (Citation and punctuation omitted.) *Dixon v. State*, 341 Ga. App. 255, 264 (2) (b) (800 SE2d 11) (2017). Even still, we review the evidence admitted at trial for sufficiency only. *Allen v. State*, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015).

Here, the trial court's order clearly indicates that it considered the general grounds in denying the motion for new trial. Having exercised its discretion, our

6

review is limited to the sufficiency of the evidence. *Allen*, 296 Ga. at 741 (2). As explained in Division 1, the evidence meets that standard.

Accordingly, the trial court properly denied Lamb's motion for new trial, and we affirm.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur.*